Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Jonathan Garrett**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Ister, LLC d/b/a Apache Mini Market**, an Arizona corporation; and **Elodia Khoury,** an Arizona resident;<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Jonathan Garrett, for his Verified Complaint against Defendants Ister, LLC d/b/a Apache Mini Market (hereinafter "**AMM**") and Elodia Khoury (together "**Defendants**"), hereby allege as follows:

**NATURE OF THE CASE**

1.   Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**"); and failure to make timely payment of wages under A.R.S. §§ 23-351, 23-353, and 23-355 ("**Arizona Wage Statute**").

2. This action is also brought to recover overtime and minimum wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA and Arizona Minimum Wage Statute.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona. Plaintiff was employed by Defendants in this District.

## PARTIES

6. At all relevant times to the matters alleged herein, Plaintiff resided in the District of Arizona.

7. Plaintiff has been a full-time employee of Defendants from on or around June 2014 until on or around June 2019.

8. At all relevant times, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

9. At all relevant times, Plaintiff was an employee of Defendants as defined by A.R.S. § 23-362(A).

10. At all relevant times, Plaintiff was an employee of Defendants as defined by A.R.S. § 23-350(2).

11. Defendant AMM is a corporation authorized to do business in Arizona.

12. Defendant AMM was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

13. Defendant AMM was Plaintiff's employer as defined by A.R.S. § 23-362(B).

14. Defendant AMM was Plaintiff's employer as defined by A.R.S. § 23-350(3).

15. Defendant Elodia Khoury is an Arizona resident.

16. Defendant Elodia Khoury has directly caused events to take place giving rise to this action.

17. Defendant Elodia Khoury is the owner of AMM.

18. Defendant Elodia Khoury is a manager of AMM.

19. Defendant Elodia Khoury is an employer of AMM.

20. Defendant Elodia Khoury has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

21. Defendant Elodia Khoury has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(A).

22. Defendant Elodia Khoury has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-350(3).

23. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.

24. Defendant Elodia Khoury had the authority to hire AMM employees.

25. Defendant Elodia Khoury hired Plaintiff.

26. Defendant Elodia Khoury had the authority to fire AMM employees.

27. Defendant Elodia Khoury fired Plaintiff.

28. Defendant Elodia Khoury supervised and controlled AMM employees' work schedules and/or the conditions of their employment.

29. Defendant Elodia Khoury supervised and controlled Plaintiff's work schedules and/or the conditions of Plaintiff's employment.

30. Defendant Elodia Khoury determined the rate and method of AMM employees' payment of wages.

31. Defendant Elodia Khoury determined the rate and method of Plaintiff's payment of wages.

32. Defendant Elodia Khoury maintained employment records in connection with AMM employees' employment.

33. Defendant Elodia Khoury maintained employment records in connection with Plaintiff's employment.

34. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Elodia Khoury is subject to individual and personal liability under the FLSA.

35. Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

36. Defendants, and each of them, are sued in both their individual and corporate capacities.

37. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

38. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

39. At all relevant times, Plaintiff, in his work for Defendants, was engaged in

commerce or the production of goods for commerce.

40. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

41. Plaintiff, in his work for Defendants, regularly handled goods produced and transported in interstate commerce.

## FACTUAL ALLEGATIONS

42. AMM is a food, liquor, tobacco, minimart store.

43. On or around June 2014, Plaintiff commenced employment with Defendants as a laborer.

44. Plaintiff's primary job duties included maintenance, cleaning, and stocking liquor.

45. From on or around June 2014 until on or around June 2019, Plaintiff was a non-exempt employee.

46. From on or around June 2014 until on or around June 2019, Plaintiff was paid at a salary rate of $300 per week.

47. This payment was made under the table and was not run through payroll.

48. Since Plaintiff earned wages below the salary-basis, he is a non-exempt employee.

49. Plaintiff worked seven days a week.

50. Plaintiff estimates that he worked around 80 hours per week.

51. Between on or around June 2014 and on or around June 2019, Defendants failed to properly compensate Plaintiff for all his overtime hours and regular wages.

52. Plaintiff routinely worked in excess of 40 hours per week, and was not

provided with the required one and one-half times pay premium as required by the FLSA for all his worked overtime hours.

53.  At all relevant times during Plaintiff's employment, Defendants failed to properly compensate Plaintiff for all his overtime hours.

54.  Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours, and required him to work overtime as a condition of his employment.

55.  Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

56.  Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee's rights under the FLSA pursuant to 29 C.F.R. § 516.4.

57.  Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
### (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

58.  Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

59.  At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

60.  Plaintiff was an employee entitled to the statutorily mandated minimum wage.

61.  Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

62.  As a direct result of Defendants' violations of the FLSA, Plaintiff has

suffered damages by not receiving full compensation in accordance with 29 U.S.C. § 206.

63. In addition to the amount of unpaid minimum wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

64. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

65. Defendants knew Plaintiff was not being compensated full minimum wages for time worked.

66. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

67. Defendants have not made a good faith effort to comply with the FLSA.

68. Plaintiffs are also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

69. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

70. At all relevant times, Plaintiff has been employed by Defendants within the meaning of the FLSA.

71. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

72. Defendants have intentionally failed and/or refused to pay Plaintiff overtime wages according to the provisions of the FLSA.

73. As a direct result of Defendants' violations of the FLSA, Plaintiff has

suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

74. In addition to the amount of unpaid overtime wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

75. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

76. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek from on or around June 2014 until on or around June 2019 and failed to pay proper overtime wages.

77. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

78. Defendants have not made a good faith effort to comply with the FLSA.

79. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT III
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

80. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

81. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

82. Defendants intentionally failed and/or refused to pay Plaintiff full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

83. In addition to the amount of unpaid minimum wage owed to Plaintiff, he is

entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

84. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT IV
## (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUE)

85. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

86. At all relevant times, Plaintiff has been employed by Defendants within the meaning of the Arizona Wage Statute.

87. Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

88. Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiff.

89. Defendants failed to timely pay Plaintiff his wages due without a good faith basis for withholding the wages.

90. Defendants have willfully failed and refused to timely pay wages due to Plaintiff. As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by

failing to pay minimum wages;

ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

iii. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

iv. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207;

v. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

vi. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

vii. willfully violated wage provisions of the Arizona Wage Statute, A.R.S. §§ 23-351, 23-353, and 23-355, by failing to pay timely wages;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary such as double or treble damages, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED October 29, 2019.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd, Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff

## **VERIFICATION**

Plaintiff Jonathan Garratt declares under penalty of perjury that he has read the foregoing Verified Complaint and are familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____

Jonathan Garratt

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com